UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
In Admiralty

Case No.:

GREAT LAKES INSURANCE SE,

    Plaintiff,

v.

BLUELIGHT MARKETS, INC.,

    Defendant.

_____/

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff, GREAT LAKES INSURANCE SE ("Great Lakes"), hereby sues the Defendant, BLUELIGHT MARKETS, INC. ("BMI") for a declaratory judgment, and in support thereof states as follows:

**JURISDICTION AND VENUE**

1.  This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

2.  Great Lakes designates this as an admiralty and maritime cause within the meaning of Fed. R. Civ. P. 9(h). This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1333, as it involves a dispute regarding a maritime contract. Great Lakes invokes the provisions of Rule 9(h), 38(e), and 82 of the Federal Rules of Civil Procedure.

3.  Venue is proper within the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and because a forum-selection clause in the insurance policy at issue in this case designates the Southern District of Florida as the appropriate venue.

4. All conditions precedent to the filing of this action have occurred, been waived, or otherwise complied with.

5. Pursuant to the requirements of 28 U.S.C. § 2201 and Article III, Section 2 of the United States Constitution, a case or controversy exists and has existed between the Parties since the beginning of this action, such that an action for declaratory judgment is ripe and appropriate.

## PARTIES

6. At all times material to this action, Great Lakes is and was a corporation organized and existing under the laws of Germany and is and was a wholly owned subsidiary of Munich Re Group, with an office and principal place of business in Munich, Germany. Plaintiff Great Lakes is and was a citizen of Germany and is registered and authorized to conduct business in London, England.

7. Upon information and belief, at all times material to this action, BMI is and was a corporation organized under the laws of the British Virgin Islands with its principal place of business in Florida. BMI is and was a citizen of the BVI and Florida.

## FACTUAL ALLEGATIONS

8. This matter involves personal injuries allegedly sustained by Goran Vuckovic, the captain of a 2008 86' Sunseeker, M/Y "RANNI" (the "Vessel").

9. At all times material to this action, the Vessel was owned by BMI. The Vessel's beneficial owner is and was Gustavo Ranucci.

10. Prior to Captain Vuckovic's alleged injury, Mr. Ranucci asked Vuckovic to prepare the Vessel for the Ranucci family's arrival from Argentina in February 2020.

11. In the course of preparing the Vessel, on or about January 24, 2020, Captain Vuckovic allegedly injured his back while lifting a water pump in the Vessel's engine room.

12. Immediately upon being notified of the injury and Vuckovic's claim against BMI, Great Lakes commenced an investigation into the claim.

13. On or about August 6, 2018, Mr. Ranucci signed an application for insurance that he submitted to Great Lakes (the "Application"). A copy of the Application is attached hereto as **Exhibit "A"** and is fully incorporated herein.

14. On the third page of the Application, BMI was asked "Have you or any named operator been involved in a loss in the last 10 years (insured or not)." BMI disclosed three incidents, each to a vessel identified as "Allison": a 6/23/2015 incident causing $3,489.56 in damage; a 9/1/2016 incident causing $14,512.85 in damage; and a 2/22/18 incident causing $10,000 in damage.

15. The Application also inquired as to the boating qualifications of Captain Vuckovic. Captain Vuckovic stated that he had a 100 Ton license.

16. The Application also requested disclosure—by both Ranucci and Vuckovic—of "Violations/Suspensions (Including Auto) in the last 5 years."

17. Both Vuckovic and Ranucci indicated no such violations.

18. Each of BMI's responses to the questions referenced in paragraphs 14-17 above were either false, misleading, or otherwise omitted information that was material to the risk.

19. Nonetheless, Great Lakes, then unaware of the falsity of the representations in the Application, issued a Private and Pleasure Yacht Insuring Agreement to BMI, with effective dates of August 1, 2018 to August 1, 2019 (the 18-19 Policy)

20. As the 18-19 Policy was nearing its expiration, on or about June 3, 2019, Great Lakes sent a renewal quote to the insured, contingent on, *inter alia*, the completion of a Renewal Questionnaire.

21. On or about September 6, 2019, Ranucci signed the Renewal Questionnaire and submitted it to Great Lakes. A copy of the Renewal Questionnaire is attached hereto as **Exhibit "B"** and is fully incorporated herein.

22. The Renewal Questionnaire repeated many of the questions that were on the original Application.

23. The Renewal Questionnaire required that BMI disclose "Violations and suspensions (including auto) in the last five years for both Mr. Ranucci and Captain Vuckovic.

24. Both responded "None."

25. The Renewal Questionnaire required that BMI disclose "Boating qualifications for which a valid license is held."

26. Mr. Ranucci listed "None".

27. Captain Vuckivic listed "USCG 100 Ton license".

28. The Renewal Questionnaire required that BMI disclose "All losses in the past 10 years (whether insured or not), including payment amounts and current status."

29. Ranucci then listed three incidents, in 2015, 2016, and 2018, none of which had been disclosed on the original Application. Nor did he list any of the three incidents that *were* listed on the original Application.

30. Lastly, the Renewal Questionnaire required that BMI disclose "Details of all criminal convictions and pleas of no contest."

31. Both Mr. Ranucci and Captain Vuckovic listed "None" in response to that question.

32. In reliance upon the information that was provided in the Renewal Questionnaire, Great Lakes renewed the 18-19 Policy for the period running from August 1, 2019 to August 1,

2020 (the "19-20 Policy"). A copy of the 19-20 Policy is attached hereto as **Exhibit "C"** and is fully incorporated herein.

33. The 19-20 Policy, provides coverage Third-Party Liability to crew in the amount of $1 million within a combined single limit of $1 million, subject to a $2,500 deductible and other terms, conditions, limitations, and exclusions.

34. Following Great Lakes investigation into the Claim, however, it became clear that both the Application and the Renewal Questionnaire were positively rife with misrepresentations and omissions.

35. In fact, Great Lakes has identified at least the following **ten** incidents, **none** of which were disclosed:

| Date | Event |
|---|---|
| August 30, 2013 | Ranucci was cited for speeding. His license was suspended on 3 January 2014, and he paid a fine of $310 on August 11. 2014. |
| October 9, 2013 | Ranucci's license was suspended as a result of expired registration. He paid a fine of $161 on August 11, 2014. |
| November 11, 2013 | Ranucci was cited for failure to stop at a red light. His license suspended on December 20, 2013. He paid a fine of $293 on January 15, 2014. |
| January 11, 2014 | Ranucci was cited for speeding and for failure to have a proper child restraint. He paid a fine on March 13, 2014. |
| April 22, 2016 | Ranucci was cited for "careless operation" of a vessel in Florida and was fined $110. He was also cited for failure to have a registration, a misdemeanor. A bench warrant was issued on August 29, 2016, which was ultimately set aside on May 8, 2020. |
| July 7, 2016 | A criminal charge was brought against Ranucci for speeding and reckless driving in North Carolina. It was reduced to "improper equipment," apparently because someone else was driving the subject automobile. |
| November 1, 2016 | Vuckovic was cited for failure to stop at a red light. He pleaded nolo contendere, adjudication was withheld, and he was assessed a $293 fine. His license appears to have been subsequently suspended for failure to pay the fine. |
| November 4, 2017 | Ranucci was cited for speeding. He paid a $294 fine on December 2, 2017. |
| March 20, 2019 | Goran Vuckovic was cited for operating a watercraft after dark and for failure to comply with registration. The latter is a criminal misdemeanor. The citations were dismissed or otherwise not prosecuted. |
| July 12, 2019 | Vuckovic was cited for failure to stop at a red light. He was adjudicated guilty and was assessed a $293 fine. His license was suspended for failure to pay the fine, which was ultimately paid on December 11, 2019, after the Renewal Questionnaire was submitted and after the 19-20 Policy was issued. |

36. Furthermore, although it technically occurred after the Renewal Questionnaire was submitted and after the 19-20 Policy was issued, on October 10, 2019, Vuckovic was cited for driving on an expired driver's licensed.

37. In addition, Vuckovic misrepresented his boating credentials. He did not have a 100 Ton license from the United States Coast Guard, he had a 100 Ton license from Montenegro.

## COUNT I – UBERRIMAE FIDEI

38. Great Lakes realleges and reincorporates the allegations set forth in Paragraphs 1 through 37 above as if more fully set forth at length herein.

39. For hundreds of years, policies of marine insurance have been subject to the well-entrenched doctrine of *uberrimae fidei*, the duty of utmost good faith.

40. This duty requires that an insured fully and voluntarily disclose to the insurer all facts material to a calculation of insurance risk.

41. This duty to disclose extends even to material facts that are not specifically inquired into by the insurer.

42. The instant 19-20 Policy, as one of marine insurance, is governed by the principle of *uberrimae fidei*.

43. When it submitted both the original Application and the Renewal Questionnaire, BMI misrepresented, omitted, and/or concealed a number of material facts, including but not limited to:

    a. The automobile violation history of Ranucci;

    b. The automobile violation history of Vuckovic;

    c. The boating loss history of Ranucci;

    d. The boating loss history of Vuckovic;

    e.   The criminal history of Ranucci;

    f.   The criminal history of Vuckiovic; and

    g.   The boating credentials of Vuckovic.

44.    Great Lakes would not have issued the 19-20 Policy, would not have issued it at the same premium, or would not have issued it on the same terms and/or conditions, had it known any one or any combination of the facts regarding the Vessel set forth above.

45.    Therefore, BMI breached the duty of *uberrimae fidei*, rendering the 19-20 Policy void from its inception.

WHEREFORE, Great Lakes respectfully requests this Honorable Court to adjudge and declare the following:

    a.   BMI misrepresented, concealed, or omitted facts material to the underwriting of the risk;

    b.   That such misrepresentation, concealment, or omission constituted a breach of BMI's duty of utmost good faith;

    c.   The aforementioned breach of the duty of utmost good faith renders the 19-20 Policy void *ab initio*; and

    d.   Grant any and other such relief this Honorable Court deems just and appropriate under the circumstances.

## COUNT II – BREACH OF CONTRACT

46.    Great Lakes realleges and reincorporates the allegations set forth in Paragraphs 1 through 37 above as if more fully set forth at length herein.

47.    General Condition m. of the 19-20 Policy provides that "This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our

acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision."

48. When it submitted both the original Application and the Renewal Questionnaire, BMI misrepresented, omitted, and/or concealed a number of material facts, including but not limited to:

    a. The automobile violation history of Ranucci;

    b. The automobile violation history of Vuckovic;

    c. The boating loss history of Ranucci;

    d. The boating loss history of Vuckovic;

    e. The criminal history of Ranucci;

    f. The criminal history of Vuckiovic; and

    g. The boating credentials of Vuckovic.

49. Great Lakes would not have issued the Policy, would not have issued it at the same premium, or would not have issued it on the same terms and/or conditions, had it known any one or any combination of the facts regarding the Vessel set forth above.

50. Therefore, BMI breached General Condition m., rendering the 19-20 Policy void from its inception.

WHEREFORE, Great Lakes respectfully requests this Honorable Court to adjudge and declare the following:

    a. BMI misrepresented, concealed, or omitted facts material to the underwriting of the risk;

    b. That such misrepresentation, concealment, or omission constituted a breach of General Condition m. of the 19-20 Policy;

  c. The aforementioned breach of General Condition m. renders the 19-20 Policy void *ab initio*; and

  d. Grant any and other such relief this Honorable Court deems just and appropriate under the circumstances.

## COUNT III – MISREPRESENTATION

51. Great Lakes realleges and reincorporates the allegations set forth in paragraphs 1 through 37 above as if more fully set forth at length herein.

52. The Policy Application submitted by BMI contained a clause providing that "Any misrepresentation in this application for insurance may render insurance coverage null and void from inception. Please therefore check to make sure that all questions have been fully answered and that all facts material to your insurance have been disclosed, if necessary by a supplement to the application."

53. In addition, the Renewal Questionnaire submitted by BMI contained a clause providing that "Any misrepresentation in this renewal questionnaire will render insurance coverage null and void from inception. Please therefore check to make sure that all questions have been fully answered and that all facts material to your insurance have been disclosed, if necessary by a supplement to this questionnaire."

54. Furthermore, General Condition c. of the Policy provides that "This insuring agreement incorporates in full your application for insurance and together with any endorsements issued herein, constitutes the entire contract between us. At your request, various provisions of this insuring agreement may be varied by us but only by our prior written agreement."

55. When seeking coverage for the Vessel, BMI omitted, misrepresented and/or concealed a number of material facts, including, but not limited to:

  a. The automobile violation history of Ranucci;

    b. The automobile violation history of Vuckovic;

    c. The boating loss history of Ranucci;

    d. The boating loss history of Vuckovic;

    e. The criminal history of Ranucci;

    f. The criminal history of Vuckiovic; and

    g. The boating credentials of Vuckovic.

56. Great Lakes would not have issued the Policy, would not have issued it at the same premium, or would not have issued it on the same terms and/or conditions, had it known any one or any combination of the facts regarding the Vessel set forth above.

57. Therefore, pursuant to the terms of the Policy Application and applicable law, the Policy is void from its inception.

WHEREFORE, Great Lakes respectfully requests this Honorable Court to adjudge and declare the following:

    a. BMI misrepresented, concealed, or omitted facts material to the underwriting of the risk;

    b. That such misrepresentation, concealment, or omission constituted a breach of General Condition m. of the 19-20 Policy;

    c. The aforementioned breach of General Condition m. renders the 19-20 Policy void *ab initio*; and

    d. Grant any and other such relief this Honorable Court deems just and appropriate under the circumstances.

Dated: June 16, 2020.

                                        Respectfully submitted,

                                        **DAVANT LAW, P.A.**
                                        *Attorneys for Great Lakes*
                                        12 Southeast 7th Street, Suite 605
                                        Fort Lauderdale, FL 33301
                                        Telephone: (954) 414-0400

By:  */s/ Charles S. Davant*
       Charles S. Davant
       Florida Bar No. 15178
       csd@davantlaw.com
       Aaron M. Dmiszewicki
       Florida Bar No. 111455
       amd@davantlaw.com